UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

August 15, 2017

**LETTER OPINION**

VIA CM/ECF
All counsel of record

Re: *Feigy Reichman v. Synchrony Bank*
Civil Action No. 17-1148 (MAS) (LHG)

Dear Counsel:

  This matter comes before the Court on Defendant Synchrony Bank's ("Defendant") Motion to Dismiss Plaintiff Feigy Reichman's ("Plaintiff") Complaint. (ECF No. 8.) Plaintiff filed opposition (ECF No. 14), and Defendant replied (ECF No. 15). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, Defendant's Motion to Dismiss is GRANTED.

  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). While a complaint does not need to contain detailed factual allegations to withstand a Rule 12(b)(6) motion to dismiss, a pleader must "provide the 'grounds' of [her] 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545; *see also* Fed. R. Civ. P. 8(a)(2).

  Here, the Complaint alleges a single count under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, based on Defendant's purported false report of Plaintiff's "negative" status although Plaintiff's account status is "current." (Compl. ¶¶ 3-6, ECF No. 1-1.) Because the Complaint fails to identify the particular provision of the FCRA under which Plaintiff brings her claim, Defendant argues that Plaintiff fails to state a claim under either 15 U.S.C. § 1681s-2(a) or 15 U.S.C. § 1681s-2(b). (*See* Def.'s Moving Br. 3-5, ECF No. 8-1.) With respect to 15 U.S.C. § 1681s-2(a), Defendant argues that "there is no private right of action for consumers to enforce this duty against furnishers of information." (*Id.* at 3-4.) Plaintiff does not dispute this assertion and the Court agrees. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011).

Accordingly, Defendant's Motion to Dismiss is granted to the extent that Plaintiff pleads a claim under 15 U.S.C. § 1681s-2(a).

Next, with respect to 15 U.S.C. § 1681s-2(b), Defendant argues that Plaintiff must plead that: "(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified [Defendant] of the dispute, and (3) [Defendant] failed to investigate and modify the inaccurate information." (Def.'s Moving Br. 4 (citing *Edwards v. Equable Ascent, FNCL, LLC*, No. 11-2638, 2012 WL 1340123, at *5 (D.N.J. Apr. 16, 2012)).) Defendant asserts that Plaintiff failed to plead any allegations that satisfy any of the three requisite elements. (*Id.* at 4-5.) In opposition, Plaintiff concedes that the three elements identified by Defendant are required to plead a viable claim. (Pl.'s Opp'n ¶ 5, ECF No. 14.) Rather than arguing that the Complaint meets these elements, however, Plaintiff merely attaches exhibits to her opposition that purportedly demonstrate that the elements have been met. (*Id.* ¶¶ 7-12.) Plaintiff, however, may not amend her Complaint by attaching exhibits to her opposition. *See Stapperfenne v. Nova Healthcare Adm'rs, Inc.*, No. 05-4883, 2006 WL 1044456, at *3 (D.N.J. Apr. 17, 2006) (refusing to consider exhibits attached to the plaintiffs' opposition papers on a motion to dismiss). Moreover, upon review of the Complaint and the parties' limited submissions, the Court finds that the Complaint fails to allege the requisite elements under 15 U.S.C. § 1681s-2(b).

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss without prejudice. Plaintiff may file an amended complaint in accordance with the schedule set forth in the accompanying order.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**